**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CATHERINE LANCASTER,

      Plaintiff - Appellant,

v.

SPRINT/UNITED MANAGEMENT
CO., a/k/a Sprint Nextel Group,

      Defendant - Appellee.

No. 16-6056
(D.C. No. 5:13-CV-01348-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Catherine Lancaster claims the district court erred by granting summary judgment to her former employer, Sprint, on her employment discrimination and retaliation claims. But we discern no error here and endorse the district court's analysis as our own.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

For example, Ms. Lancaster argues she was entitled to default judgment. And, indeed, the clerk of the district court initially entered a default on her behalf on the ground that Sprint did not respond to Ms. Lancaster's complaint in a timely manner. But later the court vacated this entry of default because Ms. Lancaster failed to meet her burden of showing she had served process on Sprint's authorized agent. *See F.D.I.C. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

Ms. Lancaster next argues that, even on the merits, she is entitled to prevail on her claim for discrimination under the Americans with Disabilities Act (ADA). But to prevail under that statute she had to show a "reasonable accommodation" for her disability would have permitted her to "perform the essential functions of [her] job." *E.E.O.C. v. C.R. Eng., Inc.*, 644 F.3d 1028, 1037 (10th Cir. 2011). And, as the district court noted, the only potential accommodation she has identified — an extended, indeterminate leave of absence — does not qualify as a reasonable accommodation as a matter of law. *Robert v. Bd. of Comm'rs of Brown Cnty.*, 691 F.3d 1211, 1218 (10th Cir. 2012).

Separately, Ms. Lancaster seeks to revive her claims that Sprint unlawfully retaliated against her for exercising her rights under the ADA. But before the district court she never answered Sprint's assertion that it had a legitimate, non-retaliatory basis for its actions, and under our precedent that failure is fatal. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999). Ms.

Lancaster likewise waived any claim that Sprint retaliated against her for filing a workers' compensation claim because she failed to respond to Sprint's summary judgment arguments on that score. *See Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1203 (10th Cir. 2014).

Turning to her race discrimination claim under 42 U.S.C. § 1981, Ms. Lancaster suggests she offered sufficient evidence to warrant a trial when she asserted that two white Sprint employees were more successful in their workers' compensation claims than she was. But Ms. Lancaster presented no evidence regarding these employees' injuries or how their claims were processed. And as a result, the district court found, it is impossible to see how a rational jury could find these cases comparable to her own. An assessment our precedent again obliges us to accept. *See Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004).

To be sure, Ms. Lancaster replies that she didn't have enough time in discovery to develop evidence along these and other lines. And it's true, too, that Sprint sought summary judgment before the expiration of the (revised) discovery deadline. But the fact is the district court extended the discovery period four times before Sprint filed its motion, and Ms. Lancaster offers no persuasive reason to think more time yet would have made a difference. Likewise, we discern no error or prejudice arising from the district court's decision to deny Ms.

Lancaster the opportunity to submit a supplementary filing not contemplated by the federal rules in connection with her summary judgment opposition.

The motion to supplement the record is denied and the judgment is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge